

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

I: A MAN[1],

                Plaintiff,

v.

BETTY T. YEE,

                Defendant.

Case No. 18-cv-0144-BAS-BGS

**ORDER DENYING REQUEST TO SEAL COMPLAINT AND ACCOMPANYING PAPERS**

Presently before the Court is a request to seal the Complaint and accompanying papers filed in this action. The Court **DENIES** the request for two reasons. First, the moving papers accompanying the Complaint do not properly request that the action be filed under seal. No reason is offered to file the Complaint and accompanying papers under seal other than a single use of the word "seal." The papers further define the term "seal" in a way that convinces this Court that the Plaintiff does not in fact seek to file the Complaint and accompanying papers under

---

[1] The Court further advises that upon entry of the Complaint and the accompanying papers on the electronic docket, the Complaint will be subject to *sua sponte* dismissal for, among other reasons, failure to comply with Federal Rule of Civil Procedure 10(a). The rule provides that "the title of the complaint must name all parties." Fed. R. Civ. P. 10(a). This is a mandate that parties use their true names in pleadings. *See John Doe 140 v. Archdiocese of Portland in Or.*, 248 F.R.D. 358, 359 (D. Or. 2008). The caption in the Complaint fails to comply with this rule.

seal.

Second, even assuming there were a proper request to seal, the Court finds that the Complaint and accompanying papers do not satisfy the stringent standard for placing under seal documents going to the merits of a case brought in federal court. "[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. Under this stringent standard, a court may seal records only when it finds "a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. for Auto Safety*, 809 F.3d at 1096–97. Having reviewed the Complaint and accompanying papers, the Court finds that the Complaint and accompany documents are not documents traditionally kept under seal, nor is there any compelling reason that would justify filing them under seal.

Accordingly, the Court **DIRECTS** the Clerk of the Court to file the Complaint and accompanying documents publicly on the electronic docket for this case.

**IT IS SO ORDERED.**

DATED: January 31, 2018

Hon. Cynthia Bashant
United States District Judge