# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| I: A MAN, | Case No. 18-cv-0144-BAS-BGS |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION TO PROCEED** ***IN FORMA PAUPERIS*** **AND DISMISSING ACTION** |
| v. | |
| BETTY T. YEE, | |
| Defendant. | |

Presently before the Court is Plaintiff's motion to proceed *in forma pauperis*. (ECF No. 2.) For the reasons herein, the Court denies the motion and dismisses the action.

Generally, under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. However, under 28 U.S.C. §1915, a litigant who because of indigency is unable to pay the fee or give security needed to commence a legal action may petition a court to proceed without making such payment. The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"). It is well-settled that a party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335

U.S. 331, 339-40 (1948). To satisfy the requirements of 28 U.S.C. §1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id*. at 339. Here, Plaintiff has not provided any information by which this Court assess whether he is entitled to proceed IFP in this action. However, the Court observes that Plaintiff has twice paid the $400 filing fee required to commence a civil action in federal court. *See Ziegler v. Yee*, No. 3:16-cv-2664-WQH-WVG, ECF No. 1 (S.D. Cal. Oct. 27, 2016); *Ziegler v. Yee*, No. 3:17-cv-2102-AJB-BLM, ECF No. 1 (S.D. Cal. Oct. 13, 2017).

Even if Plaintiff had properly requested IFP status, his Complaint would nevertheless be subject to dismissal. Duplicative lawsuits filed by a plaintiff proceeding *in forma pauperis* are subject to dismissal as either frivolous or malicious under 28 U.S.C. §1915(e). *See, e.g., Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997); *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). An *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under §1915. *Cato*, 70 F.3d at 1105 n.2; *Bailey*, 846 F.2d at 1021. "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the comprehensive disposition of litigation." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688, 692-94 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008). A review of court records indicates that Plaintiff has filed the *same* claim against the *same* Defendant on three prior occasions. *See Ziegler v. Yee*, No. 3:16-cv-2664-WQH-WVG, ECF No. 1 (S.D. Cal. Oct. 27, 2016); *Ziegler v. Yee*, No. 3:17-cv-2102-AJB-BLM, ECF No. 1 (S.D. Cal. Oct. 13, 2017); *Ziegler v. Yee*, No. 3:17-cv-2483-LAB-BGS, ECF No. 1 (S.D. Cal. Dec. 11, 2017). The second action was dismissed for failure to properly invoke diversity jurisdiction and the third action

1  was dismissed for failure to pay the required filing fee or submit a proper motion to
2  proceed IFP.  Most importantly, the first action was dismissed after Defendant Yee
3  moved to dismiss the Complaint for failure to comply with Federal Rule of Civil
4  Procedure 8(a) and failure to establish any basis for either federal or diversity
5  jurisdiction.  *See Ziegler v. Yee*, No. 3:16-cv-2664-WQH-WVG, ECF No. 6 (S.D.
6  Cal. Jan. 18, 2016).  That case was dismissed after Plaintiff failed to file an amended
7  complaint to correct his deficient pleadings, despite being granted leave to amend.
8  (*Id*. ECF Nos. 6, 7.)  The instant lawsuit is duplicative of these prior claims and
9  would be subject to *sua sponte* dismissal as frivolous or malicious.

Accordingly, the Court **DENIES** Plaintiff's motion to proceed IFP and **DISMISSES** the Complaint for failure to pay the required filing fee.  (ECF No. 1.)

**IT IS SO ORDERED.**

**DATED:  February 6, 2018**

Hon. Cynthia Bashant
United States District Judge